## The Commonwealth *against* HOLLOWAY Keeper of the Gaol.

**1813.**

*Philadelphia,*
*Thursday,*
*July 1.*

If a person is committed to prison by a justice of the peace or a judge of a state court, for an offence against the *United States*, this Court may issue a *habeas corpus*, and discharge him altogether, or admit him to bail; unless he is chargeable with an offence punishable with death, in which case they cannot admit him to bail.

THIS was a *habeas corpus* to the keeper of the common prison of *Philadelphia*, to bring up the body of *Jesse Appleton*, who by the return to the writ, was detained under a warrant of commitment by an alderman of the city, upon a charge of misprision of treason against the *United States*.

Before calling the witnesses, upon whose testimony the prisoner had been committed,

*Dallas*, district attorney, suggested a preliminary question, as to the jurisdiction of the Court. He contended, that as the commitment had been made for an offence against the *United States*, and by a magistrate acting under a power delegated by congress, it was not competent to this Court to interfere. *First*, upon general principles. The judicial power of the *United States* extends to all cases in law or equity, arising under the constitution, the laws of the *United States*, and treaties; *Art. 3d, sect. 2.* And by the act to establish the Judicial Courts of the *United States*, the Circuit Courts have exclusive cognisance of all crimes and offences cognisable under the authority of the *United States*, except where that act, or the laws of the union otherwise provide. 1 *U. S. Laws* 55. Treason and misprision of treason are exclusively cognisable by the Circuit Court. The incompetency of this Court to try, implies an incompetency to discharge, or in any way to interfere after the character of the commitment is ascertained. If they have authority to bail or discharge, they have by necessary implication an authority to disturb the criminal jurisdiction of the Federal Courts, and to defeat both the act of congress and the constitution. This question is ably discussed by Chief Justice *Kent* in *Ferguson's* case (a). *Secondly,* under the *habeas corpus* act of *Pennsylvania*. This act specially excepts from the benefit of the writ, cases of commitment for treason, the species whereof is plainly set

(a) 9 *Johns.* 239.

forth in the warrant of commitment; and the fourth section negatives the right to interfere in the case of persons charged with treason &c., who by the confederation ought to be delivered to the executive power of another state, or who are charged with a breach of the law of nations. From this it is manifest that the legislature intended to provide for the case of an interfering jurisdiction. *Thirdly*, from the judiciary law of the *United States*. The 33d section of this act empowers any justice of the peace or magistrate of any of the states, to arrest and imprison or bail, for any crime or offence against the *United States*, except where the punishment may be death; but if imprisoned, bail cannot be taken by the Supreme or Superior Court of the state, if there is a judge of the *United States* in the district to take the same; and if the offence be punishable with death, the state Court cannot bail at all. 1 *U. S. Laws* 72. This section evidently impugns the authority of the Court to proceed in the investigation of the present case.

*Ingersoll* for the prisoner. In every point of view it is not only the right but the duty of this Court to proceed. Their authority to grant relief by *habeas corpus* exists at common law, and the present use of it is opposed neither by principle, nor by legislative provision. The authority to try is in no manner connected with the authority to relieve from illegal restraint by *habeas corpus.* This Court have no original jurisdiction in any criminal case. The Common Pleas have none original or otherwise. Time out of mind both Courts have issued the writ of *habeas corpus*, and discharged or admitted to bail in criminal cases. It is the same in *England.* The Common Pleas, though without any criminal jurisdiction, are entitled to use, and do use, the writ, as fully and effectually as the King's Bench; and it is used by the latter Court, in cases where they have no jurisdiction to try. The objection that the offence is within another jurisdiction, begs the question in two particulars; first, by supposing that there has been an offence; and secondly, that that offence is cognisable by another tribunal. These are matters which must be investigated, and if so the authority to investigate must exist. The argument on the other side is, that a mere commitment for an offence against the *United States* is a bar to the Court; and that however flagrant the conduct of the committing magis-

1813.

COMMON-
WEALTH
*v.*
HOLLOWAY.

trate, though he should consider a murder in the streets of this city as within the federal jurisdiction, and commit accordingly, this Court must acquiesce. So far at least they are bound to go,—to see that the offence is within another jurisdiction, and of course to see, that an offence has been committed. The power to go thus far, implies the whole. The *habeas corpus* act is not in our way. This writ is at common law, and not under the act of 1785. Nor is it of any importance that the judiciary law does not give this Court the power to interfere; it should be shewn that the law takes it away, for the Court otherwise possess it. But the true construction of that law is, that where the offence is not punishable with death, and the commitment has not been made by a federal judge, this Court may bail.

TILGHMAN C. J. delivered the Court's opinion.

It is necessary to inquire whether the prisoner is chargeable with an offence against the *United States* punishable with death; because if he is, we have no power to admit him to bail. There is a difference between a commitment by a judge of the *United States*, and by a justice or judge of a state. It is enacted by the 33d section of the act of congress to establish the judicial Courts of the *United States*, that for any offence against the *United States*, the offender may by any justice or judge of the *United States*, or by any justice of the peace or other magistrate of any of the *United States*, where he may be found, agreeably to the usual mode of process against offenders in such state, be arrested and imprisoned or bailed, as the case may be, for trial before such Court of the *United States* as has cognisance of the offence; and that upon all arrests in criminal cases, bail shall be admitted, except where the punishment may be *death*, in which cases it shall not be admitted but by the Supreme or a Circuit Court, or by a justice of the Supreme Court, or a judge of a District Court. And if a person committed by a justice of the Supreme or a judge of a District Court, for an offence not punishable with death, shall afterwards procure bail, and there be no judge of the *United States* in the district to take the same, it may be taken by any judge of the Supreme or Superior Court of law of such state.

Thus we see, that when a judge of the *United States* has acted by committing the offender, no judge of a state has au-

thority to interpose except in case of necessity, *viz.* where there is no judge of the *United States* in that district. But suppose the commitment to have been by a state justice or judge, as is the case in the present instance. There the law does not prohibit the bailing by a state judge. On the contrary, I apprehend that such power is included in the general authority to imprison or admit to bail, in the beginning of the section. And there is great reason for such authority, because a state justice may be called on to issue process against an offender, at the distance of several hundred miles from the residence of the district judge of the *United States;* the offender may be committed for want of bail and afterwards find bail; or there may have been a hasty commitment by an inferior magistrate, which requires consideration. In such cases it would be an intolerable grievance to have no relief from imprisonment but by application to the district judge, and it would be necessary that the prisoner should be either bailed or discharged, as the case might require, by a state judge; and accordingly such power is given.

This appears to us to be the fair and genuine construction of the act of congress. The authority of the *United States* is sufficiently supported, while at the same time every reasonable accommodation is extended to those persons who are charged with offences.

The Court accordingly heard the witnesses; and being of opinion that the alderman had mistaken the nature of the offence, and that it was very doubtful whether any offence had been committed, admitted the prisoner to bail in five hundred dollars, and one surety in the same amount, conditioned to appear at the next Circuit Court of the *United States*, to answer the charge of misprision of treason, and such other charges as should be preferred against him.

                    Prisoner admitted to bail.