## Case No. 1,311.

### Ex parte BENNETT.

[2 Cranch, C. C. 612.][1]

Circuit Court, District of Columbia. May Term, 1825.

HABEAS CORPUS — PROCEEDINGS ON RETURN OF WRIT—INSUFFICIENCY OF COMMITMENT — CERTIORARI TO COMMITTING MAGISTRATE.

1. A warrant of commitment must be under the seal of the committing magistrate, and must show a charge upon oath.

[Cited in Erwin v. U. S., 37 Fed. 486. See, also, Ex parte Burford, 3 Cranch, (7 U. S.) 448; Ex parte Sprout, Case No. 13,267; Ex parte Williams, Id. 17,699.]

2. Upon habeas corpus, if the commitment be informal or insufficient, the court will discharge the prisoner from that commitment, but will recommit him in proper form, if there be sufficient cause.

3. If the commitment be regular and formal, and for an offense for which the committing magistrate had a right to commit, it seems that the court, upon habeas corpus, will, upon the request of the prisoner, issue a certiorari to the magistrate, to certify the informations, examinations, and depositions taken by and remaining with him in relation to the commitment; and if none such shall have been taken, will summon him to appear and state upon oath the evidence upon which he issued his warrant of commitment; and upon ascertaining such evidence, will consider the same and will bail, remand, or discharge the prisoner, unless he shall desire that the witnesses may be re-examined, in which case he will be remanded until the witnesses can be had.

[Cited in Re Martin, Case No. 9,151. See, also, U. S. v. John, 4 Dall. (4 U. S.) 413; Johnson v. U. S., Case No. 7,418; Veremaitre's Case, Id. 16,915; Ex parte Jenkins, Id. 7,259; Ex parte Van Aernam, Id. 16,824; U. S. v. Bates, Id. 14,544.]

At law. Upon the return of the habeas corpus, in behalf of N. V. H. Bennett, it appeared that he was committed by virtue of the following warrant: "District of Columbia, Washington County, ss. Whereas, on the information of Samuel C. Raymond on oath, it has been made to appear that N. V. H. Bennett, now before me, being accused of having feloniously stolen and taken away from four to five hundred dollars in bank notes the property of one N. Wood; and wearing apparel, to wit: One pair of blue ribbed pantaloons, two shirts, &c., the property of J. Scott, on examination and search made, one pair of pantaloons and two shirtees bearing the description given by said Raymond before the examination, were found on the said Bennett; and he not having it in his power to give the required security for his appearance, he is therefore hereby committed to your jail and custody for future examination, or till he shall be otherwise released according to law. Witness my hand this 26th day of May, 1825. Daniel Rapine. George H. Gloyd will execute this complaint. D. R. To the Marshal, District Columbia."

Mr. Jones for the prisoner, moved for his discharge. 1. Because the warrant is not under seal; and does not charge any offence upon oath. 2. Because the offence, if any appears by the evidence to have been committed in New York, cannot be tried here.

He cited 1 Chit. Crim. Law, 33, 89, 93–95, as to the form of the warrant; and contended that the magistrate had no right to commit for an offence committed out of this district, unless upon demand from the executive of the state in which the offence was committed. Const. U. S. art. 4, § 2, [1 Stat. 18;] Judiciary Act 1789, § 33, (1 Stat. 73;) Act Feb. 12, 1793, § 1, (1 Stat. 302,) respecting fugitives from justice; Act March 3, 1801, § 6, (2 Stat. 116,) as to fugitives in the District of Columbia; People v. Jess, [Wright,] 2 Caines, 213; Simmons v. Com., 5 Bin. 617; People v. Gardner, 2 Johns. 477, 479; Com. v. Cullins, 1 Mass. 116; Rex v. Anderson, 2 East, P. C. 772.

THE COURT (nem. con.) discharged the prisoner on the ground of the want of a seal, and the informality of the warrant, and did not recommit him, because there was no evidence that he had committed any offence in the District of Columbia.

The prisoner was afterwards arrested again and committed upon a charge of stealing lottery tickets and a penknife, from B. O. Tyler in this county, and was again brought before the court by habeas corpus, when Mr. C. C. Lee and Mr. Jones, for the prisoner, contended that although the commitment be perfectly regular and formal and states that the party is charged on oath with an offence for which the committing magistrate has a right to commit, the court can and will rehear the case and revise his judgment. 3 Bac. Abr. tit. "Habeas Corpus," p. 438, (B) 13; 1 Chit. Crim. Law, 113; Cald. 295; 1 Leach, 270; 4 Chit. Crim. Law, 123, etc.; Ex parte Bollman, 4 Cranch, [8 U. S.] 114; Com. v. Holloway, 5 Bin. 512; Claxton's Case, 12 Mod. 566.

THE COURT, on the next day, which was the last day of the term, decided (THRUSTON, Circuit Judge, dissenting, and wishing further time to consider the question,) that they would examine the witnesses, as they were all present; but said that they would not consider themselves bound by this case as a precedent. After examining the witnesses, THE COURT ordered the prisoner to find bail in $500, and upon his refusal, the prisoner was remanded.

NOTE, [from original report.] In this case, CRANCH, Chief Judge, and MORSELL, Circuit Judge, were disposed to lay down the rule of proceedings upon habeas corpus, as follows, (but as THRUSTON, Circuit Judge, wished for further time for consideration they did not give the opinion in public,) namely: Upon the return of the habeas corpus, if the commitment be in all respects regular and formal, and for an offense for which the committing magistrate had authority to commit, the court will, upon the request of the prisoner, issue a certiorari to certify the informations, examinations, and depositions taken by and remaining with the committing magistrate, in relation to such commit-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

ment; and if none such shall have been taken, will summon him to appear and state upon oath the evidence upon which he granted the warrant of commitment; and upon ascertaining such evidence, will consider the same, and thereupon proceed to discharge, bail, or remand the prisoner, as the magistrate ought to have done, unless the prisoner shall require that the witnesses shall be re-examined by the court, in which case they will order the witnesses to be summoned, and remand the prisoner until such witnesses can be had.

If the commitment be so bad upon its face that the court must discharge the prisoner from that commitment, the court will, if they have sufficient evidence before them, commit the prisoner de novo, and order the witnesses to recognize for their appearance, at the proper time and place, to testify on behalf of the United States.

If the witnesses, upon whose testimony the prisoner was committed by the magistrate, cannot be had immediately, and the prisoner will not consent that their testimony shall be stated by the magistrate, and that the court shall proceed to act upon such statement as if the witnesses were present and had testified before the court, or if the committing magistrate be dead, the court will remand the prisoner for further examination until the testimony of the witnesses can be had.